·JOSEPH O. FARRELL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 12, 1882.*

1.  EVIDENCE *in criminal cases—admission of defendant's affidavit for a continuance on defence of insanity.*   On a trial for an assault with intent to murder, when insanity alone is relied on in defence, the assault and shooting not being controverted, it is error to admit in evidence, on behalf of the prosecution, the affidavit of the defendant made for a continuance, in which he denies the act alleged, and his guilt, it being wholly irrelevant to the issue of insanity.

2.  SAME—*defendant's affidavit for continuance as evidence.*  An affidavit of a party for a continuance is competent evidence against him on the trial, when it is relevant to the issue, it standing on the same footing as any other declaration made by him under oath.

3.  SAME—*evidence showing a different offence, not proper.*  On the trial of one for an assault with intent to murder, he can not be punished for perjury in his affidavit for a continuance, and the admission of the affidavit in evidence for that purpose, or where its only effect is to show his perjury, is error:

2—103 ILL.

WRIT OF ERROR to the Circuit.Court of Whiteside county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. O. F. WOODRUFF, for the plaintiff in error, reviewing the evidence somewhat in detail, contended that it showed insanity in the accused, and an entire want of motive for the act of the prisoner.

If the evidence all considered shows a want of some essential element to the crime charged, or if the preponderance is such as to leave the judicial mind in serious doubt as to the guilt of the accused, a new trial should be granted. *Rafferty* v. *People*, 72 Ill. 42; *Doiur* v. *State*, 2 Humph. 442.

Homicide may be murder, or manslaughter, or excusable, or justifiable, according to the circumstances of the case or the state of mind inducing the act. Therefore, it is not the naked act which constitutes the offence or determines its character, but the *quo animo*,—the disposition or state of mind with which it is done. *Maher* v. *People*, 10 Mich. 213; *People* v. *Pond*, 8 id. 150; *Wilson* v. *People*, 24 id. 410; 2 Bishop on Crim. Law, sec. 724.

The court committed a grave error in admitting in evidence the prisoner's affidavit for a continuance. It proved no issue in the case, and was well calculated to prejudice the jury against the prisoner. *Yundt* v. *Hartranft*, 41 Ill. 9.

Under the evidence of insanity, it was error to instruct the jury that the law presumed malice from certain acts. If the evidence left the question of malice or criminal intent doubtful, it was not proper to resort to presumptions to solve the obscurity. *State* v. *Coleman*, 2 Rich. 185; *Filkin* v. *State*, 69 N. Y. 101; *State* v. *Painter*, 67 Mo. 84; *Maher* v. *People*, 10 Mich. 213; Wharton on Crim. Evidence, secs. 734–738.

Mr. JAMES McCARTNEY, Attorney General, for the People, contended that the evidence was amply sufficient to justify the conviction,—that when the act itself is unlawful, a criminal intent will be implied without express proof. *Hanrahan*

v. *People*, 91 Ill. 142; *Perry* v. *People*, 14 id. 496; *Olive* v. *Commonwealth*, 5 Bush, 376; *Roberts* v. *People*, 19 Mich. 401; *State* v. *Goodenow*, 65 Maine, 30; *Mullins* v. *State*, 37 Texas, 337.

The affidavit for a continuance was properly admitted as tending to rebut the evidence of defendant's insanity. The case of *Yundt* v. *Hartranft*, 41 Ill. 9, is not in point. The affidavit in that case was for a change of venue, and could throw no light on the issues. As to the weight of this evidence on the issue of insanity, it was for the jury to decide.

That the instructions that the law presumes a man to intend the reasonable and natural consequences of any act intentionally done, is correct, counsel referred to *Perry* v. *People*, 14 Ill. 496; *Hanrahan* v. *People*, 91 id. 142; *People* v. *Scott*, 6 Mich. 287; *Rumsey* v. *People*, 19 N. Y. 41; *People* v. *Vinegar*, 2 Park. Cr. Rep. 24; *King* v. *State*, 21 Ga. 220; *Cole* v. *State*, 10 Ark. 318.

Mr. WALTER STAGER, State's Attorney of Whiteside county, also for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was convicted of an assault with intent to commit murder, and sentenced to the penitentiary for the term of five years. The fact that he committed an assault with a deadly weapon, and without any legal excuse, is proved beyond doubt, and is not controverted. The sole defence interposed upon the trial was, that plaintiff in error was insane at the time of the committing of the assault. Evidence was introduced on behalf of plaintiff in error, and of the People, upon this issue, so that the question was fairly before the jury. Of the weight of that evidence we do not deem it our province, in the present state of the case, to speak. Plaintiff in error was entitled to have the issue passed upon by the jury, and that they might do so intelli-

gently and dispassionately, it was indispensable that irrelevant evidence tending to complicate the issue or improperly arouse their prejudices should be excluded.

Before the trial, plaintiff in error moved to continue the cause on account of the absence of a material witness, and in his affidavit in support of that motion he deposed that he could prove by the absent witness that he did not fire the shot which constituted the alleged murderous assault, and that what he could so prove was true, and that he was not guilty, etc. The court overruled the motion, and refused to continue the cause. On the trial, and after the People had given to the jury all their evidence in rebuttal of the evidence of the plaintiff in error on the question of insanity, the State's attorney was permitted by the court, over the objection of the plaintiff in error, to read this affidavit in evidence to the jury. It is patent that it was utterly irrelevant to the issue being tried. It did not tend to prove a single fact which it was incumbent on the People to prove, or to disprove anything which the plaintiff in error had attempted to prove. Of course, the affidavit of the party is competent evidence against himself, when it is relevant to the issue. It stands on the same footing as any other declaration made by him under oath. But who would pretend that it would be relevant on the question of insanity to prove that a party had, before that time, declared his innocence of any participation in the act alleged to be criminal, and had sworn to this declaration? The affidavit may be true, and the plaintiff in error may have also been insane. If he was in fact insane, he may have had no recollection of the transaction, or no capacity to reason in regard to it. In any view, what he swore to in this affidavit can not have a tendency to enlighten the question whether he was affected with insanity at the time he committed the assault. The improper effect of the affidavit upon the minds of the jury may have been either in producing the belief that the defence of insanity was an

afterthought, and so not urged in good faith, or that plaintiff in error had committed perjury in making the affidavit, for which he deserved punishment. If he was really insane when he committed the assault, it could legally make no difference when the defence was first interposed. He would not, himself, be a competent judge of his mental *status,* and the more certain his insanity, the more certain it would be that his affidavit ought not to be regarded, for any purpose. But the proof that he committed the assault being conclusive, the jury, without reflecting whether sane or insane, might conclude he is clearly guilty of perjury, and use the fact of that guilt not only as a make-weight in determining his guilt of the specific offence charged, but also in fixing the amount of his punishment for that offence. If it be true that he committed perjury in the affidavit, he can not be punished for that offence on this trial. These principles are obvious, and can require no elaboration.

For the error in admitting the affidavit in evidence, the judgment below is reversed, and the cause remanded. The other errors assigned are not deemed tenable.

*Judgment reversed.*